# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

VASILI PLATUNOV,                          )
                                          )
                   Plaintiff,             )        Case No.: 2:18-cv-00917-GMN-BNW
          vs.                             )
                                          )        **ORDER**
NYE COUNTY, *et al.*,                     )
                                          )
                   Defendants.            )
                                          )

Pending before the Court is Defendants Nye County's and Angela Bello's (collectively, "Defendants") Motion for *Younger* Abstention, (ECF No. 14). Plaintiff Vasili Platunov ("Plaintiff") filed a Response, (ECF No. 17), and Defendants filed a Reply, (ECF No. 20).

## I.      BACKGROUND

This is a 42 U.S.C. § 1983 action for damages and declaratory relief, alleging an unlawful taking of Plaintiff's property rights under a grandfather clause without due process. (*See* Compl., ECF No. 1). Defendant Nye County is a political subdivision of the State of Nevada; Defendant Bello is a Nye County District Attorney. (Compl. at 2). Plaintiff is a professional dog breeder doing business as Est-Alfa K-9 Security Services, LLC. (*Id.*).

On or about February 20, 2007, Plaintiff purchased certain real property located at 2790 East Camellia Street, Pahrump, Nevada 89048 (the "Property"), for purposes of commercial kennel use. (Compl. at 2–3); (*see* ECF No. 1-7). Plaintiff alleges that his commercial kennel use was in compliance with use regulations in effect at the time his use was established. (Compl. at 3–4).

On October 24, 2007, the Nye County Board of Commissioners adopted Bill No. 2007-13, Nye County Ordinance No. 346 (effective Nov. 19, 2007) ("Ordinance 346"), which amended zoning regulations applicable to the Property by adding regulations and amendments

regarding animal related uses and definitions.  Nye County Code ("NCC") 17.04.220 allows commercial kennel use on real property located in Plaintiff's zoning district with the approval of a conditional use permit ("CUP").  NCC 17.04.100 provides that "[c]ommercial kennels existing prior to the adoption hereof, shall not be required to obtain a conditional use permit," under specified conditions ("Grandfather Clause").  Absent otherwise, only three (3) dogs are permitted per property. *See* NCC 17.04.100 (defining Kennel, Breeder's); (ECF Nos. 1, 14).

In 2009, Plaintiff submitted a CUP application (CU-10-0013) for a commercial kennel use with up to 30 dogs to be maintained on the Property, which was approved in 2010. (Compl. at 4); (*see* ECF No. 14-1).  In 2015, Plaintiff requested modification of CU-10-0013 to allow a commercial kennel use with up to 150 dogs, which was denied. (*See* Compl. at 4); (ECF No. 14-3).  Plaintiff appealed the modification denial, but his appeal was likewise denied in 2017. (Compl. at 4–5).  On April 30, 2018, the Nye County Planning Department, Division of Code Enforcement, issued an Enforcement Order to Plaintiff notifying Plaintiff that his appeal rights have been exhausted and ordering Plaintiff to reduce the number of dogs on the Property in compliance with the CUP ( "Enforcement Order"). (Compl. at 5).

Plaintiff alleges that his existing use of the Property for raising dogs is protected by the Grandfather Clause and that the new limitations placed on property owners are inapplicable to prior-established use. (Compl. at 3).  Plaintiff further alleges that notwithstanding this grandfathered protection, agents of the Nye County Planning Commission misled him to believe that a CUP approving Plaintiff's commercial kennel use on the Property was necessary to be in compliance. (Compl. at 4).  Plaintiff thus alleges that by granting CU-10-0013, "the [Regional Planning Commission] arbitrarily, and without authority, put conditions on [Plaintiff's] grandfathered CUP" and that Ordinance 346 violated his procedural due process rights. (Compl. at 4, 7).

On May 18, 2018, Plaintiff filed the underlying Complaint against Defendants[1] asserting two claims for relief: (1) damages pursuant to 42 U.S.C. §§ 1983, 1988; and (2) declaratory judgment pursuant to 42 U.S.C. §§ 1983, 1988, 28 U.S.C. § 2201(a), and Fed. R. Civ. P. 57. (ECF No. 1).  The Complaint seeks damages and a declaration that Ordinance 346 "is void for failure to observe notice and hearing requirements under State and Federal Law" or, alternatively, that Defendants "shall recognize Plaintiff's grandfather clause rights and shall cease and desist further attempts to enforce compliance with Nye County Ordinance No. 346."[2] (Compl. at 7).  On September 19, 2018, Defendants filed their Answer. (Answer, ECF No. 12).

On September 25, 2018, Nye County filed suit against Plaintiff in Nevada state court to enforce the Enforcement Order ("Enforcement Action")[3]—specifically, seeking an injunction enjoining and restraining Plaintiff from a commercial kennel use on the Property and removal of the same. (*See* ECF No. 14-2); (Mot. to Dismiss ("MTD") at 7, ECF No. 14).

In the instant Motion, Defendants move for dismissal or stay of this action pending the resolution of the Enforcement Action pursuant to *Younger* abstention. (MTD at 1, ECF No. 14). In response, Plaintiff urges this Court to retain jurisdiction of this action pursuant to the "first-to-file" rule. (Resp. at 5, ECF No. 17).

## II.    **DISCUSSION**

The Court will first address Plaintiff's First-to-File arguments followed by the issue of *Younger* abstention.

///

---

[1] Defendant Nye County Board of Commissioners was dismissed pursuant to a stipulation. (ECF Nos. 9, 10).

[2] While characterized as "declaratory relief," Plaintiff's alternative request appears to be a request for injunctive relief.

[3] *Nye County v. Platunov*, No. CV39682, Fifth Judicial District Court, Nye County, Nevada.  The Enforcement Action is currently pending, but has been held in abeyance pending resolution of the instant Motion. (*See* Status Report, ECF No. 21).

**A.  First-to-File**

In his Response, Plaintiff asks this Court to retain jurisdiction pursuant to the first-to-file rule. (Resp., ECF No. 17).  Plaintiff asserts that this first-filed action involves "essentially identical" parties and issues as the later-filed Enforcement Action. (*Id.* at 6–7).  Thus, Plaintiff contends that this Court—as the court with first or earlier possession of the subject matter— must decide the instant action. (*Id.* at 6).

The Court disagrees.  "When two cases involving the same parties and issues are filed in *two federal districts*, the first-to-file rule permits *the second district* to exercise its discretion to transfer, stay, or dismiss the second suit in the interests of efficiency and judicial economy." *Olin Corp. v. Cont'l Cas. Co.*, No. 2:10-cv-00623-GMN, 2011 WL 1337407, at *2 (D. Nev. Apr. 6, 2011) (quoting *AmerisourceBergen Corp. v. Roden*, 495 F.3d 1143, 1156 (9th Cir. 2007)) (emphasis added).  Here, the two cases were not filed in two federal districts; nor is this Court the second district.

Notably, Plaintiff's Response does not appear to dispute these points.  Plaintiff acknowledges that the first-to-file rule applies to competing or parallel litigation filed in separate *federal* district courts, and that the Enforcement Action was filed in state court. (*See* Resp. 5:4–13, 7:2–4, 21).  Plaintiff also acknowledges that the first-to-file rule permits the *second* district to exercise discretion, and that the matter was first-filed in this Court. (*Id.* 6:27– 28; 7:18–20, 8:25–26).

Accordingly, as correctly contended in Defendants' Reply, the first-to-file rule is inapplicable here. (Reply at 3, ECF No. 20).

**B.  *Younger* Abstention**

Defendants argue that *Younger* abstention allows this Court to refrain from interfering with ongoing state proceedings such as the Enforcement Action. (MTD at 8).  In Response, Plaintiff does not address the applicability of *Younger* abstention; rather, the entirety of

Plaintiff's Response is predicated on the first-to-file rule, which, for the reasons set forth above, is inapplicable. (Resp. 5:14–9:8, ECF No. 17).

The abstention doctrine, established in *Younger v. Harris*, "is an exception to the usual rule that federal courts should exercise the jurisdiction conferred on them by statute." 401 U.S. 37 (1971); *see also Gartrell Const. Inc. v. Aubry*, 940 F.2d 437, 441 (9th Cir. 1991). "*Younger* principles apply to actions at law as well as for injunctive or declaratory relief[.]" *Gilbertson v. Albright*, 381 F.3d 965, 968 (9th Cir. 2004). Absent extraordinary circumstances, *Younger* abstention applies where the following four elements are met:

> (1) a state-initiated proceeding is ongoing; (2) the proceeding implicates important state interests; (3) the federal plaintiff is not barred from litigating federal constitutional issues in the state proceeding; and (4) the federal court action would enjoin the proceeding or have the practical effect of doing so, i.e., would interfere with the state proceeding in a way that *Younger* disapproves.

*San Jose Silicon Valley Chamber of Commerce Political Action Comm. v. City of San Jose*, 546 F.3d 1087, 1092 (9th Cir. 2008); *Logan v. U.S. Bank N.A.*, 722 F.3d 1163, 1167 (9th Cir. 2013); *see also Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982) ("The policies underlying *Younger* are fully applicable to noncriminal judicial proceedings when important state interests are involved.").

Here, the instant circumstances fit within the *Younger* doctrine: the Enforcement Action is an ongoing state-initiated proceeding that implicates important state interests; Plaintiff is/was not barred from litigating federal constitutional issues in the state proceedings (nor does he contend otherwise); and this action would have the practical effect of enjoining the state court proceeding. *See, e.g.*, *Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 72–73 (2013) ("Circumstances fitting within the *Younger* doctrine . . . include . . . 'civil enforcement proceedings[.]'"); *Huffman v. Pursue, Ltd.*, 420 U.S. 592, 607 (1975) ("[W]e conclude that the District Court should have applied the tests laid down in *Younger* in determining whether to

proceed to the merits of appellee's prayer for relief against this Ohio civil nuisance proceeding.").

The Enforcement Proceeding is an ongoing state proceeding implicating important state interests worthy of abstention under *Younger* principles. Nye County's complaint in the pending Enforcement Action seeks injunctive relief and the abatement of a nuisance at the Property based on violations of certain provisions of the Nye County Code. (ECF No. 14-2); (*see also* MTD at 7). "[A]n offense to the State's interest in the nuisance litigation is likely to be every bit as great as it would be were this a criminal proceeding." *See Huffman*, 420 U.S. at 604. Thus, "the principles of *Younger* and *Huffman* are broad enough to apply to interference by a federal court with an ongoing civil enforcement action such as this, brought by the State in its sovereign capacity." *Trainor v. Hernandez*, 431 U.S. 434, 444 (1977); *see also id.* at 445 ("For a federal court to proceed with its case rather than to remit appellees to their remedies in a pending state enforcement suit would confront the State with a choice of engaging in duplicative litigation, thereby risking a temporary federal injunction, or of interrupting its enforcement proceedings pending decision of the federal court at some unknown time in the future."); *AmerisourceBergen Corp. v. Roden*, 495 F.3d 1143, 1150 (9th Cir. 2007) ("The goal of *Younger* abstention is to avoid federal court interference with uniquely state interests such as preservation of these states' peculiar statutes, schemes, and procedures.").

The state proceeding will provide Plaintiff with the opportunity to raise his federal concerns. Plaintiff's Complaint, (ECF No. 1), alleges procedural due process violations pursuant to § 1983, which the state court is competent to hear. *See, e.g.*, *Coats v. Woods*, 819 F.2d 236, 237 (9th Cir. 1987) ("If the constitutional claims in the case have independent merit, the state courts are competent to hear them."). Further, Plaintiff has provided no basis indicating that he would otherwise be barred from litigating the underlying federal

constitutional issues in the state proceeding; nor does Plaintiff allege that the stat remedies were inadequate to litigate his federal due process claim. (*See generally* ECF Nos. 1, 17).

In comparison, Plaintiff's requested relief—for damages and a declaration that Ordinance 346 is void as violating his procedural due process rights—would have the practical effect of enjoining the state court proceeding. (*See* Compl. at 7). "[This] federal court would necessarily have to determine whether the federal plaintiff's constitutional rights were violated, and any such determination would have the same practical effect on the state proceedings as the injunctive relief condemned in *Younger* and the declaratory relief constrained in *Samuels*." *Gilbertson*, 381 F.3d at 984.

Further, while Plaintiff fails to specifically address *Younger* abstention, the arguments in Plaintiff's Response nonetheless fail to prevent the application of the *Younger* abstention doctrine. *See, e.g.*, *Meadow Valley Contractors, Inc. v. Johnson*, 89 F. Supp. 2d 1180, 1184 (D. Nev. 2000) ("Contrary to Plaintiffs' assertions, propriety of *Younger* abstention is determined not by a comparison of the starting dates of the federal and state proceedings, but rather whether state proceedings have been initiated before the performance of any 'proceedings of substance on the merits" in the federal action.'"). Nor does Plaintiff's Response present any extraordinary circumstances that would otherwise warrant federal interference. *See Trainor*, 431 U.S. at 446 ("The pendency of the state-court action called for restraint by the federal court and for the dismissal of appellees' complaint unless extraordinary circumstances were present warranting federal interference or unless their state remedies were inadequate to litigate their federal due process claim.").

Based on the foregoing, the Court finds that the interests of comity and federalism upon which *Younger* primarily rests apply here, and that *Younger* abstention is proper. *See New Orleans Pub. Serv., Inc. v. Council of City of New Orleans*, 491 U.S. 350, 367–68 (1989) (finding that "our concern for comity and federalism has led us to expand the protection of

*Younger* beyond state criminal prosecutions, to civil enforcement proceedings"); *Huffman*, 420 U.S. at 606–07 ("*Younger* turned on considerations of comity and federalism peculiar to the fact that state proceedings were pending . . . . The propriety of federal-court interference with an Ohio nuisance proceeding must likewise be controlled by application of those same considerations of comity and federalism."). Accordingly, the Court **GRANTS** Defendants' Motion, (ECF No. 14), and **DISMISSES** Plaintiff's Complaint, (ECF No. 1), without prejudice.

## III.    CONCLUSION

**IT IS HEREBY ORDERED** that Defendants' Motion for *Younger* Abstention, (ECF No. 14), is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Complaint, (ECF No. 1), is **DISMISSED without prejudice**.

**DATED** this __29__ day of September, 2019.

_____
Gloria M. Navarro, District Judge
United States District Court